# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| LARRY E. HATFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-cv-383 |
| | ) The Honorable Judge J. Phil Gilbert |
| LORETTA LYNCH, in her official capacity | ) |
| as the Attorney General of the United States, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1

BACKGROUND ............................................................................................................. 2

A.    Statutory background ............................................................................... 2

B.    Plaintiff's allegations ............................................................................... 4

ARGUMENT ................................................................................................................... 4

A.    Standard of review ................................................................................... 4

B.    Because Illinois law prohibits Plaintiff from possessing a firearm, he lacks standing to bring this challenge ............................................................ 5

C.    Plaintiff's claim should be dismissed because the Second Amendment does not require that convicted felons be permitted to possess firearms ............... 7

        1.    Plaintiff's felony conviction categorically excludes him from the protection of the Second Amendment ............................................ 8

        2.    Section 922(g)(1), as applied to Plaintiff, satisfies any level of constitutional means-ends scrutiny ............................................... 11

                a.    If the Second Amendment applies at all, the Court should apply no more than intermediate scrutiny ............ 11

                b.    Congress reasonably advanced an important government interest by prohibiting felons like plaintiff from possessing firearms .................................. 11

                c.    Plaintiff is not entitled to an exemption based on his personal circumstances ................................... 14

CONCLUSION ............................................................................................................... 17

i

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................................ 5

*Baer v. Lynch,*
   636 F. App'x 695 (7th Cir. 2016) ................................................ 8, 11, 12

*Banks v. Sec'y of Indiana Family & Social Servs. Admin.,*
   997 F.2d 231 (7th Cir. 1993) ............................................................... 6

*Barrett v. United States,*
   423 U.S. 212 (1976) .......................................................................... 13

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................ 5

*Bond v. Utreras,*
   585 F.3d 1061 (7th Cir. 2009) ............................................................ 6

*DaimlerChrysler Corp. v. Cuno,*
   547 U.S. 332 (2006) ............................................................................ 5

*District of Columbia v. Heller,*
   554 U.S. 570 (2008) ............................................................ 8, 9, 10, 11

*Harp Adver. Ill., Inc. v. Vill. of Chi. Ridge,*
   9 F.3d 1290 (7th Cir. 1993) ............................................................ 6, 7

*Horsley v. Trame,*
   808 F.3d 1126 (7th Cir. 2015) .......................................................... 11

*Kaemmerling v. Lappin,*
   553 F.3d 669 (D.C. Cir. 2008) .......................................................... 14

*Lee v. City of Chi.,*
   330 F.3d 456 (7th Cir. 2003) ............................................................. 5

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ............................................................................ 6

*McNamara v. City of Chi.,*
   138 F.3d 1219 (7th Cir. 1998) ............................................................ 6

*Midwest Media Prop. L.L.C. v. Symmes Twp.,*
   503 F.3d 456 (6th Cir. 2007) ............................................................. 7

*Nat'l Rifle Assoc. of Am., Inc. v. ATF,*
   700 F.3d 185 (5th Cir. 2012) ......................................................... 9, 12

*O'Sullivan v. City of Chi.,*
   396 F.3d 843 (7th Cir. 2005) ............................................................. 6

*Renne v. Geary,*
   501 U.S. 312 (1991) ............................................................................ 7

*Scanlan v. Eisenberg,*
   669 F.3d 838 (7th Cir. 2012) ............................................................. 5

*Schall v. Martin,*
   467 U.S. 253 (1984) .......................................................................... 13

*Schrader v. Holder,*
   704 F.3d 980 (D.C. Cir. 2013) ..................................................... 12, 13

*Small v. United States,*
   544 U.S. 385 (2005) .......................................................................... 13

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998).................................................................... 6
*Tobin for Governor v. Ill. State Bd. of Elections*,
   268 F.3d 517 (7th Cir. 2001) .................................................. 6
*Turner Broad. Sys. v. FCC*,
   520 U.S. 180 (1997)............................................................... 12
*United States v. Chapman*,
   666 F.3d 220 (4th Cir. 2012) ................................................ 15
*United States v. Emerson*,
   270 F.3d 203 (5th Cir. 2001) ................................................ 10
*United States v. Everist*,
   368 F.3d 517 (5th Cir. 2004) .......................................... 13, 14
*United States v. Miller*,
   604 F. Supp. 2d 1162 (W.D. Tenn. 2009)............................. 16
*United States v. Pruess*,
   703 F.3d 242 (4th Cir. 2012) ................................................ 12
*United States v. Rozier*,
   598 F.3d 768 (11th Cir. 2010) ........................................ 9, 16
*United States v. Salerno*,
   481 U.S. 739 (1987)............................................................... 13
*United States v. Scroggins*,
   599 F.3d 433 (5th Cir. 2010) .......................................... 12, 15
*United States v. Skoien*,
   614 F.3d 638 (7th Cir. 2010) ......................................... passim
*United States v. Thomas*,
   991 F.2d 206 (5th Cir. 1993) .................................................. 3
*United States v. Tooley*,
   717 F. Supp. 2d 580 (S.D.W. Va. 2010)............................... 15
*United States v. Vongxay*,
   594 F.3d 1111 (9th Cir. 2010) ....................................... 9, 12, 16
*United States v. Weatherford*,
   471 F.2d 47 (7th Cir. 1972) .................................................. 13
*United States v. Williams*,
   616 F.3d 685 (7th Cir. 2010) ............................................ 8, 11
*United States v. Yancey*,
   621 F.3d 681 (7th Cir. 2010) .................................... 10, 12, 13, 14

**FEDERAL STATUTES**

15 U.S.C. §§ 901 et seq................................................................ 2
18 U.S.C. § 1001 .......................................................................... 4
18 U.S.C. § 921 ............................................................................ 3
18 U.S.C. § 922............................................................... 1, 3, 4, 7

**STATE STATUTES**

720 Ill. Comp. Stat. § 5/24-1.1(a) ........................................... 4, 7

**UNITED STATES CONSTITUTION**

U.S. Const. amend. II .................................................................................................. 8

**RULES**

Federal Rule of Civil Procedure 12 ............................................................................ 5

**OTHER AUTHORITIES**

An Act to Strengthen the Federal Firearms Act,
    Pub. L. No. 87-342, 75 Stat. 757 (1961) ............................................................. 2, 13
Gun Control Act of 1968,
    Pub. L. No. 90-618, 82 Stat. 1213 .............................................................................. 3
Omnibus Crime Control & Safe Streets Act of 1968,
    Pub. L. No. 90-351, 82 Stat. 197 ................................................................................ 2
13 & 14 Car. 2, c.2 § 1 (1662)(Eng.) .......................................................................... 10
114 Cong. Rec. 13,219 (May 14, 1968) ........................................................................ 3
H. R. Rep. No. 87-1202 (1961) ..................................................................................... 2
S. Rep. No. 88-1340 (1964) ........................................................................................... 2
S. Rep. No. 89-1866 (1966) ................................................................................... 2, 3, 14
S. Rep. No. 90-1097 (1968) ........................................................................................... 3
Schwartz, Bernard, 2 The Bill of Rights: A Documentary History 662 (1971) ............... 10

## INTRODUCTION

As part of its overall effort to reduce crime and restrict access to firearms by criminals and other people shown to be untrustworthy, Congress passed legislation precluding certain categories of persons from possessing guns.  Plaintiff, a convicted felon who plead guilty to making false statements in an effort to defraud the government, brings the instant lawsuit to challenge the constitutionality of 18 U.S.C. §922(g)(1), which prohibits precludes persons with felony convictions from possessing firearms. Plaintiff asserts that, because his felony offense was not a crime of violence and because he otherwise has no history of violent conduct, the bar on gun ownership violates his Second Amendment rights.  This claim fails on multiple levels.

First, Plaintiff has failed to establish standing so as to give this Court jurisdiction to hear his claim.  Because Illinois state law, like federal law, precludes convicted felons from possessing firearms, Plaintiff cannot show that success in this litigation would redress any such injury because he would still be prohibited under state law from possessing a firearm.  The Court therefore lacks jurisdiction to hear Plaintiff's claim.

Even if the Court had jurisdiction, however, dismissal would still be warranted. Second Amendment jurisprudence has established that categorical bans on felony possession of firearms such as § 922(g)(1) are not barred by the Second Amendment because they regulate those who fall outside the Second Amendment's core right: the defense of hearth and home by *law-abiding*, responsible citizens.  But even if the Second Amendment does apply to § 922(g)(1), the law is constitutional as-applied to Plaintiff because the law relates substantially to the compelling governmental interests in combating violent crime and protecting public safety and a categorical ban on the

1

possession of firearms by felons is constitutional to serve those interests.  Plaintiff

therefore cannot sustain a cause of action.

## BACKGROUND

**A.      Statutory background**

In 1961, Congress amended the Federal Firearms Act of 1938, 15 U.S.C. §§ 901

*et seq*., to prohibit any person convicted of a "crime punishable by imprisonment for a

term exceeding one year" from "receiv[ing] any firearm or ammunition which has been

shipped or transported in interstate or foreign commerce."  *See* An Act to Strengthen the

Federal Firearms Act, Pub. L. No. 87-342, 75 Stat. 757 (1961).  Congress introduced the

amendment as "an integral part of an anticrime legislative program" in response to the

"exploding crime rate."  H.R. Rep. No. 87-1202, at 2 (1961).  Its purpose was to "make it

more difficult for the criminal elements of our society to obtain firearms."  *Id*.  Following

a further, multi-year inquiry that included "field investigation and public hearings," S.

Rep No. 88-1340, at 1 (1964), Congress found that "the ease" through which firearms

could be obtained by "criminals . . . and others whose possession of such weapons is

similarly contrary to the public interest is a significant factor in the prevalence of

lawlessness and violent crime in the United States," Omnibus Crime Control and Safe

Streets Act of 1968, Pub. L. No. 90-351, § 901(a)(2).  In this inquiry, Congress identified

"a serious problem of firearms misuse in the United States," S. Rep No.. 89-1866, at 53

(1966), and a "relationship between the apparent easy availability of firearms and

criminal behavior," *id*. at 3.  Law enforcement officials testified to the "tragic results" of

firearms misuse by persons with prior criminal convictions.  S. Rep No. 88-1340, at 12,

17-18.  And statistical evidence showed "the terrible abuse and slaughter caused by

virtually unrestricted access to firearms by all individuals, regardless of their

backgrounds." 114 Cong. Rec. 13,219 (May 14, 1968) (statement of Sen. Tydings).

Aiming to "reduce the likelihood that [firearms] fall into the hands of the lawless or those

who might misuse them," S. Rep No. 89-1866, at 1, Congress included in the Gun

Control Act of 1968, Pub. L. No. 90-618, § 101, 82 Stat. 1213, additional statutory

provisions limiting firearms access by persons with "criminal backgrounds." S. Rep No.

90-1097, at 28 (1968).

These restrictions are codified at 18 U.S.C. § 922(g)(1). That provision states that

"[it] shall be unlawful for any person . . . who has been convicted in any court of[] a

crime punishable by imprisonment for a term exceeding one year . . . to receive any

firearm or ammunition which has been shipped or transported in interstate or foreign

commerce." This prohibition does not apply to "[a]ny conviction which has been

expunged, or set aside or for which a person has been pardoned or has had civil rights

restored . . . unless such pardon, expungement, or restoration of civil rights expressly

provides that the person may not ship, transport, possess, or receive firearms." *Id.*

§ 921(a)(20). Congress added this provision to give "the states' [expungement and civil

rights restoration] statutes federal effect by allowing the state that obtained the conviction

to determine eligibility of the felon to possess a firearm without violating federal law."

*United States v. Thomas*, 991 F.2d 206, 209 (5th Cir. 1993).

The state of Illinois has likewise imposed firearms restrictions on persons

convicted of felony offenses. Under Illinois law, "[i]t is unlawful for a person to

knowingly possess on or about his person or on his land or in his own abode or fixed

place of business . . . any firearm or any firearm ammunition if the person has been

3

convicted of a felony under the laws of this State or any other jurisdiction."[1]  720 Ill.

Comp. Stat. § 5/24-1.1(a).

**B.      Plaintiff's allegations**

Plaintiff, a resident of Illinois, plead guilty in 1992 to one count of violating 18

U.S.C. § 1001 by making false statements in connection with submitting claims to the

United States Railroad Retirement Board.  Compl. ¶ 4.  The maximum penalty for such

an offense, where the conduct did not involve domestic or international terrorism, is five

years.  *See* 18 U.S.C. § 1001(a).  According to Plaintiff, his false statements resulted in a

loss of $3,837.64 to the United States.  Compl. ¶ 4.  Plaintiff states that he has not

otherwise been charged or convicted of any offense that would make him ineligible to

possess firearms under either Illinois or federal law.  *Id.*

As a convicted felon, Plaintiff states that he is precluded from purchasing a

firearm by 18 U.S.C. § 922(g).  *Id.* Prayer for Relief.  Plaintiff's sole claim in this case is

that § 922(g) is unconstitutional as applied to him, because it categorically excludes him

from possessing a firearm without affording him the opportunity to demonstrate that "he

is capable of safely and lawfully possessing [fire]arms."  *Id.* ¶ 12.  Plaintiff requests

declaratory relief, as well as costs and attorney's fees.  *Id.* Prayer for Relief.

**ARGUMENT**

**A.      Standard of review**

This Court lacks jurisdiction over Plaintiff's Complaint because he has failed to

establish standing.  In reviewing a motion to dismiss brought pursuant to Federal Rule of

---

[1] Illinois's prohibition on firearm possession by convicted felons does not apply to persons who have been "granted relief by the Director of the Department of State Police under Section 10 of the Firearm Owners Identification Card Act."  720 Ill. Comp. Stat. § 5/24-1.1(a).

Civil Procedure 12(b)(1), courts "accept[] as true all facts alleged in the well-pleaded complaint and draw[] all reasonable inferences in favor of the plaintiff." *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the required elements of standing." *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003).

Even if standing exists, dismissal is still warranted because Plaintiff has failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6), dismissal is warranted if, accepting as true all well-plead factual allegations and drawing all reasonable inferences in a plaintiff's favor, the complaint fails to "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 482 (7th Cir. 2012) (brackets and citation omitted). A court reviewing a Rule 12(b)(6) motion, however, need not accept legal conclusions cast as factual allegations, conclusory statements, or naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.     Because Illinois law prohibits Plaintiff from possessing a firearm, he lacks standing to bring this challenge**

Plaintiff's claim should be dismissed at the outset for lack of standing because he has not suffered an injury that could be rectified by an order of this Court finding that provision to be unconstitutional as applied to Plaintiff. "No principle is more fundamental to the judiciary's proper role in our system of government than the [Article III] limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (internal punctuation omitted). To establish standing, "a plaintiff must show (1) injury in fact. . . ; (2) a causal connection between the injury and the conduct complained of such that the injury is fairly

traceable to the defendant's actions; and (3) that a favorable decision is likely to redress the injury." *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 527 (7th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

To have standing, a plaintiff must demonstrate "a 'fairly traceable' causal connection between the claimed injury and the challenged conduct" of the defendant." *Banks v. Sec'y of Indiana Family & Social Servs. Admin.*, 997 F.2d 231, 239 (7th Cir. 1993). "Furthermore, standing exists only if it is 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561). The standing requirement thus "necessitates an inquiry into . . . the connection between the [alleged] injury and the complained-of actions and the scope of remedies available to the court." *O'Sullivan v. City of Chi.*, 396 F.3d 843, 857 (7th Cir. 2005).

In this case, Plaintiff cannot satisfy redressability element of the standing inquiry. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). The question then is whether "plaintiff's injury will likely be redressed by a favorable decision." *Harp Adver. Ill., Inc. v. Vill. of Chi. Ridge*, 9 F.3d 1290, 1292 (7th Cir. 1993). "A plaintiff who would have been no better off had the defendant refrained from the [allegedly] unlawful acts of which the plaintiff is complaining does not have standing under Article III of the Constitution . . . ." *McNamara v. City of Chi.*, 138 F.3d 1219, 1221 (7th Cir. 1998).

As relevant here, both federal and Illinois law prohibit individuals with a felony conviction from possessing firearms (with certain exceptions not relevant here). *See* 18

U.S.C. § 922(g)(1); 720 Ill. Comp. Stat. § 5/24-1.1(a).  Therefore, granting Plaintiff his requested relief and invalidating § 922(g)(1) is unlikely to redress his alleged injury (the inability to possess a firearm) because it would still be unlawful for Plaintiff to possess a firearm under Illinois law.  *See Renne v. Geary*, 501 U.S. 312, 318-319 (1991) (finding "reason to doubt" that invalidating a state constitutional provision would redress voters' alleged First Amendment injury because an unchallenged state statute "might be construed" to prohibit the same conduct as the challenged provision); *Harp Advert.*, 9 F.3d at 1291-93 (rejecting First Amendment challenge to ordinances regulating construction of billboards for lack of redressability because even if the ordinances were declared unconstitutional, a separate unchallenged ordinance would independently prevent plaintiff from erecting the proposed billboard); *Midwest Media Prop. L.L.C. v. Symmes Twp.*, 503 F.3d 456, 461-63 (6th Cir. 2007) (same).  Accordingly, because of the additional state-law barrier, success in this lawsuit will still leave Plaintiff unable to lawfully possess a firearm, which means that the Court would not have redressed his alleged injury and therefore, that Article III jurisdiction is lacking.  Thus, the Court should dismiss this case for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).

**C.      Plaintiff's claim should be dismissed because the Second Amendment does not require that convicted felons be permitted to possess firearms**

Even if Plaintiff possesses standing to sue and could thereby invoke the Court's jurisdiction, he still could not prevail on the merits of his lawsuit because (1) the challenged law, § 922(g), proscribes activity that falls outside the scope of the Second Amendment's protections and (2) even if § 922(g) can be subject to a Second Amendment claim, it relates substantially to the compelling governmental interests in combating violent crime and protecting public safety and is accordingly constitutional.

7

1.      Plaintiff's felony conviction categorically excludes him from the
        protection of the Second Amendment

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  The Supreme Court has emphasized that this right "is not unlimited" and that the "core" right of the Second Amendment is the defensive use of arms by "law-abiding, responsible citizens."  *District of Columbia v. Heller*, 554 U.S. 570, 626, 634-35 (2008).  Although the Court in *Heller* declined to "undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment," it cautioned that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  *Id*. at 626-27.  The Court described such "regulatory measures" as "presumptively lawful."  *Id*. at 627 n.26.

Applying *Heller*, the Seventh Circuit has established a two-step inquiry for analyzing Second Amendment claims, including claims challenging categorical prohibitions on the possession of a firearm.  *See Baer v. Lynch*, 636 F. App'x 695, 698 (7th Cir. 2016). Given that "some categorical disqualifications [of firearms possession] are permissible," *United States v. Skoien*, 614 F.3d 638, 641 (7th Cir. 2010) (en banc), courts "first determine if the challenged restriction covers conduct falling within the scope of the [Second] Amendment's protection," *Baer*, 636 F. App'x at 698.  If that inquiry does not resolve the matter, then the court must determine whether the law passes muster under "some level of heightened scrutiny," typically intermediate scrutiny.  *Id*.; *United States v. Williams*, 616 F.3d 685, 692 (7th Cir. 2010) (applying "the intermediate scrutiny framework" to a Second Amendment challenge to § 922(g)(1)).

8

In this case, Plaintiff's claim fails at the first step. The Seventh Circuit has recognized that "*some* categorical limits [on the possession of weapons by some persons] are proper" and that such restrictions "[are] part of the original meaning" of the Second Amendment. *Skoien*, 614 F.3d at 640. Because *Heller* identified prohibitions on the possession of firearms by felons as "presumptively lawful," 554 U.S. at 626-27 & n.26, such prohibitions fall outside the scope of the Second Amendment right, *see Skoien*, 614 F.3d at 641-42. Consistent with the Seventh Circuit's construction of *Heller*, other circuit courts have reached the same conclusion and thus have upheld § 922(g)(1) against as-applied challenges, like Plaintiff's, at the first step. *See United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010) (concluding that "felons are categorically different from the individuals who have a fundamental right to bear arms"); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (holding that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment").

The historical record, moreover, supports the caution with which courts have approached requests to extend *Heller*'s holding by recognizing Second Amendment protections for convicted felons. *See Nat'l Rifle Ass'n of Am., Inc. v. ATF*, 700 F.3d 185, 194 (5th Cir. 2012) ("*NRA*") (explaining that, to determine whether a law impinges on the Second Amendment right, courts look to "a wide array of interpretive materials" to determine "whether the law harmonizes with the historical traditions associated with the Second Amendment guarantee"). "[M]ost scholars of the Second Amendment agree that the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens.'" *United States v. Yancey*, 621 F.3d

9

681, 684–85 (7th Cir. 2010).  Indeed, *Heller* itself identified the right protected by the 1689 English Declaration of Rights as "the predecessor to our Second Amendment."  554 U.S. at 593.  This document provided "[t]hat the Subjects which are Protestants, may have Arms for their Defence . . . as allowed by Law," *id*., and did not repeal the 1662 Militia Act, which authorized lieutenants of the militia to disarm "any person or persons" judged to be "dangerous to the Peace of the Kingdome."  13 & 14 Car. 2, c.3 § 1 (1662) (Eng.).

The *Heller* court further "identified, as a 'highly influential' 'precursor' to the Second Amendment the Address and Reasons of Dissent of the Minority of the Convention of the State of Pennsylvania to Their Constituents."  *Skoien*, 614 F.3d at 640 (7th Cir. 2010) (quoting *Heller*, 554 U.S. at 603).  "The report asserted that citizens have a personal right to bear arms 'unless for crimes committed, or real danger of public injury.'"  *Id*. (quoting Bernard Schwartz, 2 The Bill of Rights: A Documentary History 662, 665 (1971)); *see also United States v. Emerson*, 270 F.3d 203, 261 n.21 (5th Cir. 2001) (explaining that scholarly sources show that "Colonial and English societies of the eighteenth century . . . excluded . . . felons [from possessing firearms]" and "the Founders [did not] consider[] felons within the common law right to arms or intend[] to confer any such right upon them").  Likewise, "[m]any of the states, whose own constitutions entitled their citizens to be armed, did not extend this right to persons convicted of crime."  *Skoien*, 614 F.3d at 640.

In light of this history and practice, Plaintiff is among those who historically have been "disqualified from the exercise of Second Amendment rights."  *Heller*, 554 U.S. at 635.  Plaintiff's claim should accordingly be dismissed at the first step.

2.   Section 922(g)(1), as applied to Plaintiff, satisfies any level of
   constitutional means-ends scrutiny

Even if Plaintiff could assert a right under the Second Amendment, his claim still

would fail under the second step of the Second Amendment inquiry.

   a.   *If the Second Amendment applies at all, the Court should apply no
      more than intermediate scrutiny*

The level of scrutiny applicable under the Second Amendment "depend[s] on how

close the law comes to the core of the Second Amendment right and the severity of the

law's burden on the right."  *Horsley v. Trame*, 808 F.3d 1126, 1131 (7th Cir. 2015).

"Laws restricting activity lying closer to the margins of the Second Amendment right,

laws that merely regulate rather than restrict, and modest burdens on the right may be

more easily justified."  *Id*. (brackets omitted).  Because the "core" right of the Second

Amendment is the defensive use of arms by "law-abiding, responsible citizens," *Heller*,

554 U.S. at 635, the Seventh Circuit has consistently applied intermediate scrutiny to

prohibitions on the possession of firearms by criminals, *see Skoien*, 614 F.3d at 641

(holding that categorical limits on firearms possession are permissible if there is "some

form of strong showing ('intermediate scrutiny,' many opinions say)"); *see also*

*Williams*, 616 F.3d at 692 ("[W]e can examine [Plaintiff's challenge to § 922(g)(1)] using

the intermediate scrutiny framework . . . ."); *Baer*, 636 F. App'x at 698 (applying

intermediate scrutiny to § 922(g)(1) challenge).  Intermediate scrutiny likewise applies to

Plaintiff's challenge in this case.

   b.   *Congress reasonably advanced an important government interest
      by prohibiting felons like plaintiff from possessing firearms*

To satisfy intermediate scrutiny, the challenged law must advance an important

government interest "by means substantially related to that objective."  *Williams*, 616

11

F.3d at 693.  In evaluating the fit between the challenged law and the government

interest, courts "accord substantial deference to the [legislature's] predictive judgments."

*Turner Broad. Sys. Inc. v. FCC*, 520 U.S. 180, 195 (1997).  This deference is owed to the

fact that "Congress is far better equipped than the judiciary to make predictive

judgements and amass and evaluate the vast amounts of data bearing upon complex and

dynamic issues." *NRA*, 700 F.3d at 210 n.21 (quotations omitted).   Under intermediate

scrutiny, the fit need only be "reasonable," not perfect. *Id.* at 207; *Schrader v. Holder*,

704 F.3d 980, 990 (D.C. Cir. 2013).

      The Seventh Circuit has repeatedly rejected Second Amendment challenges to the

federal ban on felons possessing firearms, including bans that apply to non-violent felons.

*See, e.g*., *Baer*, 636 F. App'x at 696-99 (affirming dismissal of facial and as-applied

challenge to § 922(g)(1)); *Yancey*, 621 F.3d at 687 (upholding constitutionality of

§ 922(g)(1) as it applies to non-violent drug users); *Skoien*, 614 F.3d at 639-42 (rejecting

challenge to § 922(g)(9)'s ban on firearm possession by persons convicted of

misdemeanor crimes of violence).  Several other circuit courts have done the same. *See,

e.g.*, *United States v. Pruess*, 703 F.3d 242, 247 (4th Cir. 2012) (courts have "consistently

upheld applications of § 922(g)(1) [] to non-violent felons"); *United States v. Scroggins*,

599 F.3d 433, 451 (5th Cir. 2010) (explaining that, "[p]rior to Heller, this circuit had

already recognized an individual right to bear arms, and had determined that criminal

prohibitions on felons (violent or nonviolent) possessing firearms did not violate that

right. . . . [W]e have reaffirmed our prior jurisprudence on this point since *Heller* was

decided."); *Vongxay*, 594 F.3d at 1117 (reaffirming pre-*Heller* precedent "declin[ing] to

make a distinction between violent and non-violent felons and [holding] that § 922(g)(1) was constitutional).  This precedent forecloses Plaintiff's claim.

Application of intermediate scrutiny to Plaintiff's claim, moreover, demonstrates that dismissal is warranted.  The government has an "obviously important" interest in curbing crime by keeping firearms from criminals.  *See Schrader*, 704 F.3d at 989-90.  The principal objective of § 922(g)(1) is "to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous," *Barrett v. United States*, 423 U.S. 212, 218 (1976), or "presumptively risky," *Yancey*, 621 F.3d at 683.  *See, e.g.*, *Small v. United States,* 544 U.S. 385, 393 (2005) (observing that § 922(g)(1) was enacted to "keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without becoming a threat to society.").[2]  As the Fifth Circuit has explained, by excluding felons from firearms possession, § 922(g)(1) is intended to protect "the security of [] fellow citizens," an interest served "[i]rrespective of whether [the] offense was violent in nature," because "a felon has shown manifest disregard for the rights of others."  *United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004).

Indeed, Congress explicitly amended the predecessor statute to § 922(g) to "delete the words 'crime of violence' and substitute therefor the words 'crime punishable by imprisonment for a term exceeding one year'" to ensure that the prohibition covered persons with a conviction for a non-violent felony.  *United States v. Weatherford*, 471 F.2d 47, 51-52 (7th Cir. 1972) (quoting Pub. L. No. 87-342).  Moreover, as courts have

---

[2] Protecting public safety and combating crime are well-established compelling government interests. *See United States v. Salerno*, 481 U.S. 739, 748-50 (1987) (noting that the Supreme Court has "repeatedly held that the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest"); *Schall v. Martin*, 467 U.S. 253, 264 (1984) ("The legitimate and compelling state interest in protecting the community from crime cannot be doubted.").

recognized, convicted offenders as a group—including those convicted of crimes that did

not involve violence—present a significant risk of future violent crime.  *See, e.g., Yancey*,

621 F.3d at 685 ("[S]omeone with a felony conviction on his record is more likely than a

nonfelon to engage in illegal and violent gun use."); *Kaemmerling v. Lappin*, 553 F.3d

669, 683 (D.C. Cir. 2008) ("Other courts . . . have observed that nonviolent offenders not

only have a higher recidivism rate than the general population, but certain groups—such

as property offenders—have an even higher recidivism rate than violent offenders, and a

large percentage of the crimes nonviolent recidivists later commit are violent.").

Applying § 922(g)(1) to Plaintiff reasonably relates to the important government

objectives of crime prevention and gun safety.  Plaintiff does not dispute that he

"knowingly and fraudulently" violated the law to wrongfully obtain benefits from the

United States Railroad Retirement Board.  *See* Stipulation of Facts, *United States v.

Hatfield*, Criminal No. 91-30093-01-WLB (S.D. Ill. 1991) (attached to Complaint at ECF

No. 1-1).  Plaintiff explicitly certified his fraudulent statements as true.  *Id.*   Thus,

regardless of whether Plaintiff's crime was "violent in nature," he nonetheless has

demonstrated a "manifest disregard" for the law and "the rights of others," *Everist*, 368

F.3d at 519, rendering application of § 922(g)(1) to Plaintiff reasonably related to

Congress' intent "reduce the likelihood that [firearms] fall into the hands of the lawless."

*See* S. Rep No. 89-1866, at 1.  Accordingly, the Court also should reject Plaintiff's as

applied constitutional claim at the second step.

     c.  *Plaintiff is not entitled to an exemption based on his personal
circumstances*

Plaintiff concedes that § 922(g)(1) is facially valid and that "the government has a

valid objective to keep firearms out of the hands of *violent* felons."  *See* Compl., ¶¶ 12,

14

16.  He nevertheless asserts that his personal circumstances as a purportedly "law-abiding" citizen places him outside the scope of this objective and renders application of the statute unconstitutional as applied to him.  *Id.* ¶¶ 16-17.  As a matter of law, however, Plaintiff is not entitled to any special treatment, regardless of his personal circumstances.

Plaintiff essentially attempts to add a third step to the two-step framework employed by the Seventh Circuit to evaluate challenges to § 922(g) by claiming that, even if the statute is constitutional as applied to violent felons, every non-violent felon if entitled to assert a constitutional objection and have a federal court review application of the statute to the individual based on facts specific to that person.  But, as the Seventh Circuit and numerous other courts have recognized, intermediate scrutiny does not require the government to show that each individual encompassed within a statutory proscription poses a particular danger.  *See Skoien*, 614 F.3d at 641 ("Congress is not limited to case-by-case exclusions of persons who have been shown to be untrustworthy with weapons, nor need these limits be established by evidence presented in court."); *see also United States v. Chapman*, 666 F.3d 220, 231 (4th Cir. 2012) ("[T]he prohibitory net cast by [the statute] may be somewhat over-inclusive given that not every person who falls within it would misuse a firearm . . . if permitted to possess one," but "[t]his point does not undermine the [statute's] constitutionality . . . because it merely suggests that the fit is not a perfect one[] [and] a reasonable fit is all that is required under intermediate scrutiny."); *Scroggins*, 599 F.3d at 451 (rejecting the defendant's contention that "his conviction for possession of firearms by a felon, without any further showing of violent intent, violates his Second Amendment rights"); *United States v. Tooley*, 717 F. Supp. 2d 580, 597 (S.D. W. Va. 2010) ("Section 922(g)(9) is of course overbroad in the sense that

15

not every domestic violence misdemeanant who loses his or her right to keep and bear arms would have misused them against a domestic partner or other family member. Under intermediate scrutiny, however, the fit does not need to be perfect, but only be reasonably tailored in proportion to the important interest it attempts to further.  As such, intermediate scrutiny tolerates laws that are somewhat overinclusive."), aff'd, 468 F. App'x 357 (4th Cir. 2012); *United States v. Miller*, 604 F. Supp. 2d 1162, 1172 (W.D. Tenn. 2009) ("Although prohibiting gun possession by nearly all felons might not be the most precisely focused means to achieve this end, intermediate scrutiny, by definition, permits Congress to paint with a broader brush.").

The Seventh Circuit has never suggested that courts must conduct a case-by-case inquiry into the personal circumstances of any felon who believes that he or she personally is "responsible" and therefore entitled to an exception from the federal felon-in-possession ban; in fact, it has explicitly held the opposite.[3]  *See Skoien*, 614 F.3d at 641 ("Categorical limits on the possession of firearms would not be a constitutional anomaly.").  Congress reasonably decided to premise a firearms disability on the seriousness of the underlying crime, not on the relative sympathy attached to individual defendants or the amount of time that has passed since their conviction, and a felony conviction alone is sufficient for Congress to determine that a person should be prohibited from possessing firearms.  *See Vongxay*, 594 F.3d at 1118 (holding that "§ 922(g)(1) does not violate the Second Amendment as it applies to [the defendant], a convicted felon," without considering the defendant's personal circumstances); *Rozier*, 598 F.3d at 771 (same).  Accordingly, regardless of Plaintiff's personal circumstances,

---

[3] Indeed, no court of appeals has ever held § 922(g)(1) to be unconstitutional as applied to a particular felon.

and in keeping with Seventh Circuit case law construing § 922(g)(1), Plaintiff's claim

should be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss.

Dated: August 12, 2016    Respectfully submitted,

              BENJAMIN C. MIZER
              Principal Deputy Assistant Attorney General

              JOHN R. TYLER
              Assistant Branch Director,
              Federal Programs Branch

              _s/Nathan M. Swinton_
              NATHAN M. SWINTON (NY Bar)
              Trial Attorney
              United States Department of Justice
              Civil Division
              Federal Programs Branch
              20 Massachusetts Avenue NW
              Washington, DC 20530
              Telephone: (202) 305-7667
              Nathan.M.Swinton@usdoj.gov

              Attorneys for Defendant

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 7.,1(b), I hereby certify that on August 12, 2016, I

electronically filed the foregoing paper with the Clerk of Court using the ECF system,

which will send notifications of such filing to all counsel of record in this case.


Dated:  August 12, 2016            /s/ Nathan Swinton
                                   Nathan Swinton