## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY EDWARD HATFIELD,      )
                                   )
        Plaintiff,             )
                                   )
vs.                                  )     Case No. 16-cv-00383-JPG-RJD
                                   )
LORETTA LYNCH, in her capacity as    )
Attorney General of the United States,   )
                                   )
        Defendant.        )

### <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on Defendant Loretta Lynch's, in her official capacity as the Attorney General of the United States, Motion (Doc. 13) to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed a timely Response (Doc. 17) and the Defendant filed a Reply (Doc. 21). Reply briefs are discouraged under Local Rule 7.1(c) and should only be filed only in exceptional circumstances. Further, a party is required to state the exceptional circumstance in its brief. Defendant's reply brief does not state an exceptional circumstance and therefore, is stricken for failure to comply with Local Rule 7.1(c).

### 1. Background.

The Plaintiff is a convicted felon having pleaded guilty to, and was convicted of, one count of making false statements with regard to benefit claims under the Railroad Unemployment Insurance Act in violation of Title 18, United States Code, § 1001 on February 28, 1992. *See Untied States v. Hatfield*, 91-cr-30093-WLB, SDIL. As such, plaintiff is an individual convicted of a crime punishable by imprisonment of more than one year.

18 U.S.C. § 922(g) states that it shall be unlawful for any person who has been convicted of a crime punishable by imprisonment for more than one year to possess a firearm or ammunition. Plaintiff brings this action to challenge the provisions of 18 U.S.C. § 922(g) arguing that if he had been convicted in state court, he could seek relief in order to reinstate his right to possess a firearm.  He further argues that federal law provides a means to restore civil rights, but that lack of funding restricts the Department of Justice from processing any such petitions except for corporations.

Therefore, plaintiff's complaint alleges that he has a fundamental right to "keep and bear arms in the home for self-defense" and that as an individual with a, "relatively minor non-violent felony, nearly 25 years ago, who has not had any trouble with the law in the intervening 25 years, and who would be eligible to go through a process to restore his civil right, and thereafter to lawfully possess arms, were he convicted in state court" should have a federal means to restore his civil rights.  As such, plaintiff is seeking this court to declare 18 U.S.C. § 922(g) unconstitutional as applied to the plaintiff.  (Doc. 1).

Defendant moves to dismiss the plaintiff's complaint on two grounds.  First, defendant argues that the plaintiff lacks standing and as such, this Court lacks jurisdiction.  Second, defendant argues that categorical bans on felony possession of firearms are not barred by the Second Amendment and 18 U.S.C. § 922(g) is constitutional as-applied to the plaintiff as it relates to a compelling governmental interest.

2.  **Motion to Dismiss pursuant to 12(b)(1) - Standing**.

The doctrine of standing is a component of the Constitution's restriction of federal courts' jurisdiction to adjudicate actual cases or controversies.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992);  *see* U.S. Const. art. III, § 2.  "In essence the question of standing is

whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).  Standing contains three elements:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical. . . .  Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. . . ..  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-61 (internal citations, quotations and footnotes omitted); *accord Sierra Club v. Franklin County Power of Ill., LLC*, 546 F.3d 918, 925 (7th Cir. 2008).

The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *See Lujan*, 504 U.S. at 561, 112 S.Ct. 2130. "Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of litigation." *Id.* In ruling on a motion to dismiss for lack of standing, the well-pleaded allegations of the complaint must be accepted as true. *See Warth*, 422 U.S. at 501, 95 S.Ct. 2197.

However, "[w]here standing is challenged as a factual matter, the plaintiff bears the burden of supporting the allegations necessary for standing with 'competent proof.'" *Retired Chicago Police Ass'n v. City of Chicago,* 76 F.3d 856, 862 (7th Cir. 1996). "Competent proof" requires a showing by a preponderance of the evidence that standing exists.  *Id.*  "[S]tanding goes to the

jurisdiction of a federal court to hear a particular case, it must exist at the commencement of the suit." *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829-830 (7th Cir. 1999).

Defendant argues that the Plaintiff lacks standing because, "invalidating § 922(g)(1) is unlikely to redress his alleged injury (the inability to possess a firearm) because it would still be unlawful for the Plaintiff to possess a firearm under Illinois law." (Doc. 13-1, pg 12).

The statutory scheme of federal and Illinois state law with regard to the possession of a firearm or ammunition by an individual convicted of a crime punishable by imprisonment for a term exceeding one year is as follows:

18 U.S.C.A. § 922 provides that, "it shall be unlawful for any person …who has been convicted in any court of, a crime punishable by imprisonment for term exceeding one year …to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.   What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."

The only exception to § 922 is that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C.A. § 921 (West)

Federal law does provide a means of relief from § 922.   18 U.S.C.A. § 925 states that:

A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition,

receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest.

Further, "[a]ny person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. The court may in its discretion admit additional evidence where failure to do so would result in a miscarriage of justice." 18 U.S.C.A. § 925.

It would appear that there is a federal procedure, along with a means of review, to seek restoration of an individual's right to possess a firearm. However, since 1992, the Bureau of Alcohol, Tobacco and Firearms ("ATF") who has delegated authority to act on § 925 applications, has been barred by appropriations from investigating or acting upon applications by individuals for relief under § 925. ("That none of the funds appropriated herein shall be available to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. 925(c)". Treasury, Postal Service, and General Government Appropriations Act, 1993, Pub.L 102–393, October 6, 1992, 106 Stat 1729.[1]) Therefore, such relief is actually unavailable to the plaintiff due to appropriation restrictions.

With regard to Illinois state law, "[i]t is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. This Section shall not apply if the person has been granted relief by the Director of the Department of State

---

[1] To date, Congress has subsequently retained the restrictions of funds.

Police under Section 10 of the Firearm Owners Identification Card Act."  720 Ill. Comp. Stat. Ann. 5/24-1.1

Section 10 of the Firearm Owners Identification Card Act provides that:

(c) Any person prohibited from possessing a firearm under Sections 24-1.1 or 24-3.1 of the Criminal Code of 2012 or acquiring a Firearm Owner's Identification Card under Section 8 of this Act may apply to the Director of State Police or petition the circuit court in the county where the petitioner resides, whichever is applicable in accordance with subsection (a) of this Section, requesting relief from such prohibition and the Director or court may grant such relief if it is established by the applicant to the court's or Director's satisfaction that: when in the circuit court, the State's Attorney has been served with a written copy of the petition at least 30 days before any such hearing in the circuit court and at the hearing the State's Attorney was afforded an opportunity to present evidence and object to the petition;

(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;

(3) granting relief would not be contrary to the public interest; and

(4) granting relief would not be contrary to federal law.

430 ILCS 65/10.

In this case, plaintiff is a person prohibited from possessing a firearm under Section 24-1.1 and he appears to meet all requirements for requesting relief under Section 10 except – (4) granting state relief would be contrary to federal law, *i.e.,* 18 U.S.C. § 922.  Defendant argues that the plaintiff's relief request is only speculative because, regardless of whether the plaintiff meets

all the requirements for state relief, it does guarantee that the state of Illinois will grant the relief requested.

However, the Court disagrees with the defendant that the only relief sought by the plaintiff is possession of a firearm within the state of Illinois.  His injury is the alleged unconstitutional application of § 922 that prohibits him from even seeking state relief.  Plaintiff's prayer of relief does not request that this Court award him the right to possess a firearm within the State of Illinois, it requests that this Court find that 18 U.S.C. § 922 is unconstitutional as applied to the plaintiff.  Therefore, it is not speculative that, if successful in this litigation, the bar to seeking state relief would be redressed and even if Illinois state relief was never granted, the restrictions of § 922 would no longer apply and plaintiff would be permitted to possess a firearm under federal law.

As such, the Court finds that the plaintiff has suffered an injury in fact  (the federal prohibition to possess a firearm and the prohibition to seeking state relief) – that is connected to the challenged action (the alleged unconstitutional application of  18 U.S.C. 922(g) as applied to the plaintiff) of the defendant in her official capacity as the Attorney General of the United States; and that the plaintiff's injury would be redressed by a favorable decision (possession of a firearm under federal law and ability to seek state relief).  Therefore, the Court finds that the plaintiff has standing.

3.  **Motion to Dismiss pursuant to 12(b)(6) - failure to state a claim**.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard.  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?"  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).  Nevertheless, a complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555.  If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal.  *Airborne Beepers*, 499 F.3d at 667.

Defendant argues that categorical bans on felony possession of firearms have been found to be constitutional and as such, plaintiff's complaint fails to state a claim upon which relief can be granted.

As noted earlier, Plaintiff is not claiming that § 922 is *per se* unconstitutional, but instead he is arguing that it unconstitutional as applied to him.  An as-applied challenge is not stating that the law is unconstitutional as written, but that the law's application to a particular person under certain circumstances deprive that individual person of a constitution right.   In this matter, plaintiff is claiming that § 922, as applied to him individually, violate his Second Amendment rights.

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." *D.C. v. Heller*, 554 U.S. 570, 576, 128 S. Ct. 2783, 2788, 171 L. Ed. 2d 637 (2008).  However, "[l]ike most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, *nothing in our opinion should be taken to cast doubt on*

*longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing   conditions and qualifications on the commercial sale of arms. *Id.* at 626 (*internal citations and footnotes omitted – italics added*).

Therefore, "we follow the en banc majority's holding that some categorical bans on firearm possession are constitutional.  But the government does not get a free pass simply because Congress has established a "categorical ban"; it still must prove that the ban is constitutional, a mandate that flows from *Heller* itself. *Heller* referred to felon disarmament bans only as "presumptively lawful," which, by implication, means that there must exist the possibility that the ban could be unconstitutional in the face of an as-applied challenge. Therefore, putting the government through its paces in proving the constitutionality of § 922(g)(1) is only proper." *United States v. Williams*, 616 F.3d 685, 693 (7th Cir. 2010)(referencing *D.C. v. Heller*, 554 U.S. 570, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008)).

The Seventh Circuit has also state that, "[w]e have left open the possibility that a felon might be able to rebut that presumption [that a categorical ban on firearm possession by a felon is presumptively valid] by showing that a ban on possession is overbroad as applied to him." *Baer v. Lynch*, 636 Fed. Appx. 695 (7th Cir. 2016).

As such, plaintiff's complaint sufficiently describes his constitutional claim in sufficient detail to give the defendant fair notice of what the claim is; the grounds upon which it rests; and plausibly suggests that the plaintiff has a right to relief above a speculative level since the categorical bans on firearm possession are presumptively constitutional valid, but are open to possible rebuttal.  Whether the defendant can meet its burden of demonstrating that § 922, as

applied to the plaintiff, passes constitutional muster goes to the merits of this matter and is not ripe for analysis within a Rule 12(b)(6) motion.

**4.  Conclusion.**

Defendant's reply (Doc. 21) is **STRICKEN** for failure to comply with Local Rule 7.1(c). Defendant Loretta Lynch's, in her official capacity as the Attorney General of the United States, Motion (Doc. 13) to Dismiss Plaintiff's Complaint is **DENIED**.

        **IT IS SO ORDERED.**

        **DATED:**   12/20/2016

                                *s/J. Phil Gilbert*

                                **J. PHIL GILBERT**
                                **DISTRICT JUDGE**