# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY EDWARD HATFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS, III, *in his Official Capacity as the Attorney General of the United States*,<br><br>    Defendant. | Case No. 3:16-cv-00383-JPG-RJD |

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on plaintiff Hatfield's motion for attorney fees and costs. (Doc. 51.) Under the Equal Access to Justice Act, the Court shall award attorney fees and expenses to a party to a civil action against the United States if: "(1) the claimant is a prevailing party; (2) the government was not substantially justified in its position; (3) no special circumstances make an award unjust; and (4) the fee application is timely and supported by an itemized statement." *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006) (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004); 28 U.S.C. § 2412(d)(1)(A), (B)) (internal quotation marks omitted).

Hatfield asks for $19,222.50 in attorney fees and $866.45 in costs. First, the Court cannot award attorney fees to Hatfield. Despite the Court's strong language in rejecting the Government's position in this case, the Government was still substantially justified. Pursuant to the Equal Access to Justice Act, "substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). This case centered on a purely legal issue: Whether 18 U.S.C.

1

922(g)(1) is an unconstitutional violation of the Second Amendment as applied to Hatfield, a non-violent felon who received no prison time for his offense. That issue was still an open question in the Seventh Circuit at the time of this case, as meticulously described in this Court's prior order granting summary judgment to Hatfield. (*See generally* Doc. 49.) And other circuits—such as the Ninth and Eleventh—may have resolved this question in favor of the Government. *See, e.g., United States v. Vongxay,* 594 F.3d 1111, 1115 (9th Cir. 2010); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010). The Government was certainly justified in defending their position on those grounds, even if the Court found the Government's arguments to be wrong.

The costs issue is a separate matter. Hatfield asks for $866.45 in costs, but in order to obtain these, he must file a bill of costs with the Court. That form—AO 133—is available on the Court's website at http://www.uscourts.gov/forms/other-forms/bill-costs-district-court. The Court will give Hatfield an extension until **June 26, 2018** to file his bill of costs.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Hatfield's motion for attorney fees and costs. (Doc. 51.)

**IT IS SO ORDERED.**

**DATED:  JUNE 12, 2018**

s/ *J. Phil Gilbert*
J. PHIL GILBERT
DISTRICT JUDGE
